**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JORGE ORTIZ CEDILLO,

Petitioner,

v. No. 1:26-cv-00471-SMD-KRS

MARKWAYNE MULLIN,[1] *et al.*,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Jorge Ortiz Cedillo, a citizen of Mexico, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Cibola County Correctional Center in Milan, New Mexico. Doc. 22 at 1–2. Petitioner first entered the United States without inspection as a child and has lived here continuously for the past 30 years. Doc. 9 at 1. Petitioner has settled in Columbia Heights, Minnesota. Doc. 22 at 2. He lives with his partner and cares for three children, one of whom is his partner's. Doc. 9 at 2. Petitioner obtained a U-Visa in 2019. Doc. 22 at 2. Six years later, in November of 2025, he applied for adjustment of status to permanent resident. *Id.* The Department of Homeland Security denied his application and Petitioner lost his U-Visa status. *Id.* Petitioner then filed a motion for reconsideration. *Id.*

On January 9, 2026, ICE agents surrounded Petitioner in a parking lot and arrested him

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security. All future filings should be in the name of the substituted party.

without a warrant. *Id.* On February 17, 2026, Respondents produced a warrant for Petitioner's arrest. *Id.* That documentation was notably absent at the time of arrest. *Id.*

Petitioner is in the midst of removal proceedings. He received a perfunctory bond hearing on February 13, 2026 where the immigration judge denied bond for lack of jurisdiction. Doc. 12 ¶ 4. Petitioner now challenges his detention as, inter alia, a violation of his Fifth Amendment right to due process.

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Although Respondents object to release based on lack of jurisdiction (Doc. 5), that was before the case was transferred from the District of Minnesota to the District of New Mexico (Doc. 15). The Court may now properly exercise jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. <u>Statutory Framework: 8 U.S.C. §§ 1225 and 1226</u>

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and

detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306.

The Tenth Circuit recently held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

Petitioner has lived in the United States for thirty years and was arrested within its interior. *See* Docs. 9, 22. Respondents do not contest these facts. Doc. 11. Section 1226 therefore governs Petitioner's detention.

II. The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued

detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

Petitioner possesses a protected liberty interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690. Yet Respondents have deprived him of that interest without constitutionally adequate process. "Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santilla Quiroz*, 180 F.4th at 1249 (citation omitted). Despite detaining Petitioner for 8 months, Respondents offer no justification for the deprivation of Petitioner's protected liberty interest. There is no evidence that Petitioner is a flight risk, a threat to the community, or that the Government has any other interest in keeping him in its custody. The Government has therefore violated Petitioner's Fifth Amendment rights, and he is entitled to habeas relief. *Cf. Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026).

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Petitioner's Motion for Summary Judgment (Doc. 21) is **DENIED** as moot;
3) Respondents shall release Petitioner within **48 hours** of this Order being entered;
4) Respondents shall facilitate Petitioner's transportation from the detention facility, by coordinating with his counsel and providing all necessary identity and travel documents to return him to his primary address in Minnesota;
5) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the

manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

6) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a) that complies with the Fifth Amendment;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to entertain any motions for attorneys' fees and to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**